1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN C. SCHMIDT,

                              Petitioner,

        v.

JEFFREY A. UTTECHT,

                              Respondent.

CASE NO. C19-1063-RAJ-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition.  (Dkt. 12.)  He raises four grounds for relief associated with his conviction and sentencing in King County Superior Court on October 19, 2018.  However, petitioner concedes he did not appeal his conviction or pursue any post-conviction proceedings.  (*See id*.)  In response to an Order to Show Cause why his petition should not be dismissed without prejudice for failure to exhaust (Dkt. 13), petitioner requests that the Court stay his petition so that he may exhaust his state court remedies and later pursue habeas relief in this Court (Dkt. 14).  Now, having reviewed the petition and the request for a stay, the Court recommends this matter be DISMISSED without

REPORT AND RECOMMENDATION
PAGE - 1

1    prejudice.

2        A district court is charged with reviewing a habeas petition prior to directing that it be

3    served on respondent.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States

4    District Courts.  "If it plainly appears from the petition and any attached exhibits that the petitioner

5    is not entitled to relief in the district court, the judge must dismiss the petition . . . ."  *Id*.  Here, the

6    Court finds petitioner not entitled to relief.

7        "An application for a writ of habeas corpus on behalf of a person in custody pursuant to

8    the judgment of a State court shall not be granted unless it appears that . . . the applicant has

9    exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The

10   exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve

11   federal constitutional claims before those claims are presented to the federal courts," and,

12   therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any

13   constitutional issues by invoking one complete round of the State's established appellate review

14   process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A complete round of the state's

15   established review process includes presentation of a petitioner's claims to the state's highest

16   court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  "In turn, the state's highest court must have

17   disposed of each claim on the merits."  *Id*.

18       Petitioner concedes he has not exhausted his state court remedies in relation to any claim.

19   (*See* Dkts. 12 & 14.)  He does not present a "mixed" habeas petition, containing both exhausted

20   and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), and therefore allowing for the

21   options provided for in *Rhines v. Weber*, 544 U.S. 269, 274-79 (2005) (with a mixed petition, the

22   court may (1) dismiss the petition without prejudice to allow presentation of unexhausted claims

23   to state court and a return to federal court to file a new habeas petition containing all of the claims;

REPORT AND RECOMMENDATION
PAGE - 2

1    (2) stay the mixed petition to allow petitioner to present unexhausted claims to the state court and

2    then return to federal court for review of his perfected petition; or (3) allow the petitioner to delete

3    the unexhausted claims and to proceed with the exhausted claims).   It is, instead, apparent

4    petitioner's petition for a writ of habeas corpus is premature and should be dismissed without

5    prejudice to re-filing once all state court post-conviction challenges to petitioner's conviction have

6    been completed.  *See* 28 U.S.C. § 2254(b)-(c); *Rose*, 455 U.S. at 522 (holding every claim raised

7    in federal habeas petition must be exhausted).

8            Petitioner is advised that Washington State imposes a one-year statute of limitations on the

9    filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090.   A

10   petition or motion for collateral attack on a judgment and sentence may not be filed "more than

11   one year after the judgment becomes final if the judgment and sentence is valid on its face and was

12   rendered by a court of competent jurisdiction."  *Id*.  Where a petitioner does not file a direct appeal,

13   a conviction becomes final thirty days after the court clerk files the sentence.  *See* 28 U.S.C. §

14   2244(d)(1) and Washington Rule of Appellate Procedure (Wash. RAP) 5.2(a).   In this case, as

15   noted above, petitioner seeks to challenge his conviction and sentencing on October 19, 2018.  *See*

16   *Washington v. Schmidt*, King County Superior Court Cause Number 17-1-03942-6-KNT (records

17   portal at https://dja-prd-ecexap1.kingcounty.gov).

18           Petitioner is also advised that, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of

19   limitations applies to § 2254 habeas actions.  That period of limitation typically commences from

20   "the date on which the judgment became final by the conclusion of direct review or the expiration

21   of the time for seeking such review[.]"  § 2244(d)(1)(A).  However, the one-year limitations period

22   for filing a § 2254 action is suspended, or tolled, "during [the time] which a properly filed

23   application for State post-conviction or other collateral review with respect to the pertinent

REPORT AND RECOMMENDATION
PAGE - 3

judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In sum, and for the reasons stated above, this matter should be DISMISSED without prejudice to re-filing following exhaustion. A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 25, 2019**.

DATED this 2nd day of October, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4